**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

November 4, 2021

LETTER TO COUNSEL

    RE:    *Angela C. v. Commissioner, Social Security Administration*
             Civil No. SAG-20-3069

Dear Counsel:

    On October 21, 2020, Plaintiff Angela C. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claim for Supplemental Security Income. ECF No. 1. I have considered the parties' cross-motions for summary judgment and Plaintiff's reply. ECF Nos. 11, 16, 17. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Plaintiff's motion, grant the SSA's motion, and affirm the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

    Plaintiff filed her claim for benefits on June 14, 2017, alleging a disability onset date of July 6, 2012. Tr. 205-10. Plaintiff later amended her disability onset date to April 26, 2017. Tr. 232. Her claim was denied initially and on reconsideration. Tr. 82, 95. On January 21, 2020, an Administrative Law Judge ("ALJ") held a hearing. Tr. 33-72. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 12-32. The Appeals Council denied Plaintiff's request for review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

    The ALJ found that Plaintiff suffered from the severe impairments of "degenerative joint disease of the lumbar spine, lumbar stenosis, degenerative joint disease cervical spine, type II diabetes, arthritis of the bilateral knees but worse on the left, peripheral neuropathy, chronic obstructive pulmonary disease (COPD), moderate persistent asthma, lumbar radiculopathy, chronic pain syndrome, sarcoidosis, hernias, and obesity." Tr. 18. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 416.967(a) except that the claimant can lift and carry 10 pounds occasionally and small docket files frequently, sit 6 hours, and stand and/or walk 4 hours. She can stand up to 15 minutes at a time twice an hour and can walk up to 10 minutes at a time three times an hour. She

>      requires the use of a hand-held assistive device for walking beyond 20 feet. She
> can never climb ladders, ropes, or scaffolds, crouch, kneel, or crawl. She can
> occasionally climb ramps and stairs, stoop, and balance. She can occasionally push
> or pull with the bilateral lower extremities. She can frequently handle and finger
> with the bilateral upper extremities. She can have occasional exposure to
> pulmonary irritants such as dust, gasses, fumes, noxious odors, and poorly
> ventilated areas, and hazards, including unprotected heights and exposed moving
> mechanical parts.

Tr. 19. After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could perform her past relevant work as a customer service representative, government service, and could also perform other jobs existing in significant numbers in the national economy. Tr. 25-27. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 27.

Plaintiff raises three arguments on appeal, specifically that the ALJ erroneously: 1) failed to properly evaluate multiple medical opinions in the record; 2) failed to properly evaluate Plaintiff's subjective complaints; and 3) failed to include explanation in Plaintiff's RFC regarding how she arrived at Plaintiff's postural limitations. ECF No. 11-1 at 14-26.

Plaintiff first argues that the ALJ failed to properly evaluate the medical opinions of Plaintiff's treating physician Rommaan Ahmad, D.O., and Plaintiff's consultant physician Jacinth Brooks, M.D. *Id.* at 14-21. For claims filed after March 27, 2017, an ALJ must follow certain procedures when assessing the weight to which medical opinions are entitled. *See* 20 C.F.R. § 416.920c. An ALJ is required to articulate in the decision how persuasive she finds each medical opinion. *Id.* § 416.920c(b). Supportability and consistency are the most important factors when considering the persuasiveness of medical opinions. *Id.* § 416.920c(b)(2). Therefore, the ALJ "will explain how [she] considered the supportability and consistency factors for a medical source's medical opinions . . . in [the] . . . decision." *Id.* Supportability generally refers to "the objective medical evidence and supporting explanations provided by a medical source." *Id.* § 416.920c(c)(1). Consistency generally refers to the consistency between the opinion and "the evidence from other medical sources and nonmedical sources in the claim." *Id.* § 416.920c(c)(2). ALJs also consider other factors enumerated in the regulations, and they "may, but are not required to," explain that consideration in the decision. *Id.* § 416.920c(b)(2).

Here, the ALJ found Dr. Ahmad's medical source statement to be minimally persuasive. Tr. 25. Dr. Ahmad's statement opined in part that Plaintiff would need to lie down 1-3 times per workday, could only sit, stand, or walk for five minutes at a time, and would be absent from work more than four times a month. Tr. 797-98. The ALJ noted that the objective medical evidence contained in Dr. Ahmad's treatment notes indicated that Plaintiff "typically demonstrated normal strength, gait, and sensation, with only reduced range of motion in the lumbar and cervical spine."

*Angela C. v. Commissioner, Social Security Administration*
Civil No. SAG-20-3069
November 4, 2021
Page 3

Tr. 25.  Therefore, Dr. Ahmad's statement was neither supported by, nor consistent with, his own treatment notes.[1]

The ALJ also found Plaintiff's consultative examination by Dr. Brooks to be unpersuasive. Tr. 24.  Dr. Brooks' opinion consisted of a single examination followed by a short conclusion which stated that Plaintiff was unable to perform her usual job tasks as "Special Police, along with Security and Customer Service."  Tr. 398-401.  The ALJ noted "[t]his is vague and provides no specificity whatsoever."  Tr. 24.  Given the lack of specificity of Dr. Brooks' opinion, it was not possible for the ALJ to determine if it was supported by or consistent with other medical opinions in Plaintiff's record.  Therefore, the ALJ did not discuss these factors with regard to Dr. Brooks' opinion.  Accordingly, although the ALJ did not strictly comply with the regulations in her evaluation of Dr. Ahmad's and Dr. Brooks' medical opinions by making reference to consistency, any error is harmless and remand is unwarranted.

Second, Plaintiff maintains that the ALJ failed to properly consider Plaintiff's subjective complaints.  ECF No. 11-1 at 21-24.  An ALJ properly analyzes subjective complaints by using a two-part test.  *See Craig*, 76 F.3d at 594-95 (discussing the two-part framework used in the Fourth Circuit).  First, the ALJ must assess the objective medical evidence and determine whether the plaintiff has a medically determinable impairment that could reasonably be expected to produce the pain or symptoms alleged.  20 C.F.R. § 416.929(b); Social Security Ruling ("SSR") 16-3p, 2016 WL 1119029, at *4 (Mar. 16, 2016).  Second, if the ALJ finds a medically determinable impairment, the ALJ assesses the plaintiff's symptoms to determine how the symptoms' intensity and persistence affect the plaintiff's ability to work.  *See id.* § 416.929(c).  At the second step, "there need not be objective evidence of the pain itself or its intensity."  *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020) (quoting *Walker v. Bowen*, 889 F.2d 47, 49 (4th Cir. 1989)).  However, while "a claimant's allegations about her pain may not be discredited solely because they are not substantiated by objective evidence of the pain itself or its severity, they need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can be reasonably be expected to cause the pain the claimant alleges she suffers."  *Craig*, 76 F.3d at 595.

In this case, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence[,] and limiting effects of these symptoms [were] not entirely consistent with the medical evidence and other evidence in the record."  Tr. 22-23.  The ALJ noted

---

[1] Plaintiff argues that the ALJ failed to include any analysis regarding whether Dr. Ahmad's statement was consistent with other medical opinions, as required by 20 C.F.R. § 416.920c.  ECF No. 11-1 at 17-20.  Yet, Plaintiff was only treated for her chronic back and knee pain by Dr. Ahmad.  The other medical opinions discussed by the ALJ referenced medical professionals who treated Plaintiff's sarcoidosis, asthma, COPD, and hernias.  Tr. 20-22.  Accordingly, although the ALJ does not expressly discuss the consistency of Dr. Ahmad's statement with other medical opinions, there were no other opinions to meaningfully compare to Dr. Ahmad's opinion and, therefore, this amounts to harmless error.

*Angela C. v. Commissioner, Social Security Administration*
Civil No. SAG-20-3069
November 4, 2021
Page 4

that Plaintiff's physical examinations "consistently indicate that [her] only objective deficit is reduced range of motion in her lumbar and cervical spine" and "consistently demonstrate no gait impairment and normal strength." Tr. 23. The ALJ also acknowledged, however, that "there is no question that pain is a significant symptom for [Plaintiff]," and noted that she considered Plaintiff's daily activities, the nature of her symptoms, precipitating and aggravating factors, medications and side effects, and other treatment and measures used to relieve Plaintiff's symptoms. *Id., id.* at n.1. Accordingly, the ALJ did not "plac[e] undue emphasis on [Plaintiff's] normal clinical and laboratory results," but properly considered a range of evidence to determine Plaintiff's RFC. *Arakas*, 983 F.3d at 97. The ALJ also specifically stated that she included several of Plaintiff's RFC limitations due to Plaintiff's testimony and subjective complaints, a further indication that the ALJ considered Plaintiff's statements and utilized them to construct an appropriate RFC. Where reasonable minds could differ with respect to the record evidence and the ALJ complied with all legal standards, remand is inappropriate. *Craig*, 76 F.3d at 589.

Finally, Plaintiff contends that the ALJ failed to articulate how she determined that Plaintiff "can stand up to 15 minutes at a time twice an hour and can walk up to 10 minutes at a time three times an hour," a limitation included in Plaintiff's RFC. ECF No. 11-1 at 24-26. "The RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities." SSR 96-8p, 1996 WL 374184, at *3 (July 2, 1996). The ALJ is required to include a "narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (quoting SSR 96-8p). "In other words, the ALJ must *both* identify evidence that supports [her] conclusion *and* 'build an accurate and logical bridge from [that] evidence to [her] conclusion.'" *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (emphasis in original) (quoting *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016)). Of course, "it is the duty of the [ALJ] reviewing the case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts of evidence." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

Here, the ALJ cited to Plaintiff's statement that she can only "stand 12 to 15 minutes and walk 10 minutes before needing to sit." Tr. 23. The ALJ also stated later in her decision that "[b]ased primarily on [Plaintiff's] testimony, I limited her standing and walking." Tr. 24. Plaintiff's statement that she can stand up to 15 minutes and walk 10 minutes before needing to sit is identical to the limitation included in her RFC. Accordingly, the ALJ properly articulated how she arrived at this limitation in Plaintiff's RFC. Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Even if there is other evidence that may support Plaintiff's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *See Hays*, 907 F.2d at 1456. Remand is therefore unwarranted.

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF 11, is DENIED, and Defendant's Motion for Summary Judgment, ECF 16, is GRANTED. The SSA's

*Angela C. v. Commissioner, Social Security Administration*
Civil No. SAG-20-3069
November 4, 2021
Page 5

judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g).  The Clerk is directed to CLOSE this case.

    Despite the informal nature of this letter, it should be flagged as an opinion.  An implementing order follows.

                                        Sincerely yours,

                                        /s/
                                      Stephanie A. Gallagher
                                      United States District Judge